IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD LEE SANDERS | ) |
| | ) |
| v. | ) NO. 3-15-0098 |
| | ) JUDGE CAMPBELL |
| SHERIFF DARRELL YOUNG, | ) |
| et al. | ) |

MEMORANDUM

Pending before the Court is Defendant Genney Murray's Motion to Dismiss (Docket No. 35). For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED.

FACTS

Plaintiff's First Amended Complaint (Docket No. 31) alleges violation of Plaintiff's Eighth and Fourteenth Amendment constitutional rights based upon alleged abuse and mistreatment suffered by Plaintiff while incarcerated in the Cannon County Detention Facility. Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs. Defendant Murray has filed a Motion to Dismiss, alleging that Plaintiff's claims against her are time-barred.

Plaintiff alleges that he first sought medical treatment in jail on February 18, 2014. He filed his original Complaint in this Court on February 2, 2015 (Docket No. 1). That Complaint did not name Genney Murray as a Defendant, although it alleged claims against "Jane Doe Nurse." Plaintiff did not serve Nurse Murray with the original Complaint.

On March 20, 2015, Defendants Young, Nichols, Mingle, Edwards, Bush and Brown filed an Answer (Docket No. 11) to Plaintiff's Complaint, in which they asserted the affirmative defense

of comparative fault[1] and stated: "While County Defendants do not believe that Dr. Spurlock or any nurses or other medical providers contracting with Cannon County did anything wrong in this action, should this Court find otherwise, Cannon County is entitled to the defense of comparative fault against those individuals."[2] Defendant Murray was not named in Defendants' Answer.

The Initial Case Management Order (Docket No. 19), filed April 15, 2015, does not identify Nurse Murray as a witness who may have discoverable information. Plaintiff contends that Defendants' counsel disclosed to Plaintiff the identity of Nurse Genney Murray on May 18, 2015. On June 3, 2015, Plaintiff filed a Motion for Leave to File Amended Complaint (Docket No. 25) to name the various "Doe" Defendants in his original Complaint[3] and to add Defendant Murray.

On July 2, 2015, the Magistrate Judge granted the portion of Plaintiff's Motion for Leave to File Amended Complaint dealing with Nurse Murray, finding that Plaintiff was allowed to add Defendant Murray based upon Tenn. Code Ann. § 20-1-119, which deals with the affirmative defense of comparative fault (Docket No. 30). Plaintiff filed his First Amended Complaint on July 8, 2015, and Defendant Murray was served with the First Amended Complaint on July 17, 2015. On August 7, 2015, Defendant Murray filed an Answer (Docket No. 34) and the pending Motion to Dismiss (Docket No. 35).

## MOTIONS TO DISMISS

---

[1] Comparative fault does not apply to Section 1983 claims. Plaintiff asserts, however, a negligence claim (Count III) under state law as to all Defendants.

[2] In his separate Answer, filed May 28, 2015, Defendant Spurlock reserved the right to plead the comparative negligence of Plaintiff or any other person or entity, without identifying any such person. Docket No. 24.

[3] Substituting a named defendant for a "John Doe" defendant is considered a change in parties, not a mere substitution of parties. *Cooper v. Rhea County, Tenn.*, 302 F.R.D. 195, 199 (E.D. Tenn. 2014).

2

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## DEFENDANT MURRAY'S MOTION

Defendant Murray contends that the claims against her are time-barred. According to the First Amended Complaint, Plaintiff's claims against Defendant Murray accrued no later than February 18, 2014. The applicable statute of limitations for this civil rights action is one year. Tenn. Code Ann. § 28-3-104(a). Accordingly, the statute of limitations for Plaintiff's claims against Defendant Murray expired on February 18, 2015. Defendant Murray claims that she did not learn of the claims against her until July 17, 2015, five months after the statute of limitations had expired.

Plaintiff argues that his claims against Defendant Murray are saved by Tenn. Code Ann. § 20-1-119, the statute cited by the Magistrate Judge in allowing Plaintiff's Motion to File Amended

Complaint.[4] That statute provides that when a defendant "alleges in an answer or amended answer" that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, "the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault," amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person. Tenn. Code Ann. § 20-1-119(a).

A cause of action brought within ninety days under Tenn. Code Ann. § 20-1-119(a) shall not be barred by any statute of limitations. Tenn. Code Ann. § 20-1-119(b). Thus, the plaintiff's right to assert a claim against a third party is revived under Section 20-1-119(a) for ninety days from the date of the answer making the assertion that a third party is at fault. *Soper v. Wal-Mart Stores, Inc.*, 923 F.Supp. 1032, 1038 (M.D. Tenn. 1996).

The Tennessee Supreme Court has held that successful amendments under Section 20-1-119 require four discrete actions within ninety days: (1) the filing and (2) granting of a motion to amend, (3) the filing of an amended complaint, and (4) the issuance of process. *Jones v. Professional Motorcycle Escort Servs., L.L.C.,* 193 S.W.3d 564, 570 (Tenn. 2006). Tennessee courts have consistently held that the plaintiff's motion to amend must be filed and granted, the amended complaint must be filed, and process must be issued, all within ninety days to comply with Section 20-1-119. *Id.*

Defendant Murray argues that the Defendants' Answer, in which comparative fault was first pled, did not sufficiently identify Genny Murray. The Tennessee Supreme Court has held that Tenn.

---

[4] Plaintiff has conceded that the "relation back" portion of Fed. R. Civ. P. 15 does not apply in this case.

Code Ann. § 20-1-119 requires that the potential nonparty tortfeasor be identified sufficiently to allow the plaintiff to plead and serve process on such person. *See Woodward v. City of Gallatin*, 58 F.Supp.3d 862, 868 (M.D. Tenn. 2012) (citing *Brown v. Wal-Mart Discount Cities*, 12 S.W.3d 785, 788 (Tenn. 2000)).

Section 20-1-119 will operate to lift the limitations bar only when the pleading of comparative fault identifies the tortfeasors sufficiently to enable service of process upon them. *Woodward*, 58 F.Supp.3d at 868. Here, Plaintiff could not have identified the individual nurse from Defendants' Answer because the answer referred only generally to "nurses" and did not name anyone specific. Defendants' general identification of "any nurses or other medical providers" is insufficient to indicate specific potential defendants.

In addition, the Sixth Circuit and the Tennessee Court of Appeals both prohibit the use of Tenn. Code Ann. § 20-1-119 when the potential nonparty tortfeasor is identified through a means other than an original defendant's answer. *Woodward*, 58 F.Supp. 3d at 869. Here, Plaintiff acknowledges that he learned of the identity of Nurse Murray from counsel for other Defendants on May 18, 2015, not through Defendants' Answer.

By its own terms, the statute applies only where a defendant alleges *in an answer or amended answer* that a person not a party caused or contributed to the alleged injury. *Shaffer v. Memphis Airport Authority*, *Service Mgmt. Systems, Inc.*, 2013 WL 209309 at * 7 (Tenn. Ct. App. Jan. 18, 2013). This language is clear and unambiguous. A letter, email, phone call or discovery responses from Defendants' attorney simply are not the same thing as an answer. *Id*.; *see also Grindstaff v. Bowman*, 2008 WL 2219274 (Tenn. Ct. App. May 29, 2008) (letter from defendant's

attorney, which was not made part of defendant's answer, is simply not the same thing as an answer).

In *Wagner v. International Automotive Components Group North America, Inc.*, __ F.Supp.3d __, 2015 WL 5512899 at * 3 (M.D. Tenn. Sept. 15, 2015), this Court held that the non-party must be named, as specified by the clear language of the statute, "in an answer or amended answer," not in a discovery response or other manner. *See also Schultz v. Davis*, 495 F.3d 289, 294 (6th Cir. 2007) (learning the identity of a third party through a discovery disclosure instead of an answer precluded application of Tenn. Code Ann. § 20-1-119).

Even if Defendants' Answer was sufficient to provide reasonable notice to Plaintiff of the identity of Nurse Murray, which it was not, and even if Plaintiff was allowed to learn Nurse Murray's identity through discovery rather than the Answer, which he is not, Plaintiff still did not meet the ninety-day time requirement of Section 20-1-119.

Plaintiff contends that he filed his Motion to File Amended Complaint on June 3, 2015, within the ninety-day window, and attached the proposed Amended Complaint to his Motion. Plaintiff also argues that process issued for Defendant Murray on June 17, 2015, even though it was not served upon her until July 17, 2015. Plaintiff's Motion to File Amended Complaint was not granted until July 2, 2015, however, and Plaintiff's Amended Complaint was not filed until July 8, 2015.[5]

As stated above, one of the requirements of Section 20-1-119 is that the motion to amend be *granted*. The motion to amend must be filed and granted, the amended complaint must be filed, and

---

[5] Indeed, as a result of the Magistrate Judge's ruling on Plaintiff's Motion to File Amended Complaint, the Amended Complaint ultimately filed (Docket No. 31) was not the same as the proposed Amended Complaint attached to his Motion (Docket No. 25-2).

process must be issued, all within ninety days to comply with Section 20-1-119. *Jones*, 193 S.W.3d at 570 (citing *Young v. Toys R Us, Inc.*, 987 F.Supp. 1035, 1036 (E.D. Tenn. 1997) (holding plaintiff's claims to be time-barred, even though delay was attributable to trial court's failure to grant motion to amend within the ninety days) and *Ward v. AMI SUB (SFH), Inc.*, 149 S.W.3d 35, 39 (Tenn. Ct. App. 2004) (granting defendant's motion for summary judgment where plaintiff filed motion to amend and caused process to be issued but did not file amended complaint within the ninety-day period)).

Plaintiff cites *Soper* to support his arguments, but in *Soper*, the court rejected the plaintiff's contentions and granted the defendant's motion to dismiss because the plaintiff (despite reasonable notice and available federal discovery tools) did not file his amended complaint against the defendant within ninety days. *Soper*, 923 F.Supp. at 1038.

Plaintiff also cites *Romine v. Fernandez*, 124 S.W.3d 599 (Tenn. Ct. App. 2003). In *Romine*, the court held that the original defendant's answer provided reasonable notice of a third party claim, although it did not specifically name that third party. In *Romine*, however, the plaintiff filed his amended complaint within the ninety-day time period. *Id*. at 604; *Shaffer*, 2013 WL 209309 at * 6.

Plaintiff cites *Jones* to argue that the Tennessee Supreme Court requires only "substantial compliance" with Section 20-1-119. In *Jones*, however, as with *Romine*, the amended complaint was filed, service of process was obtained, and leave to amend was granted, all within the ninety-day time frame required by Section 20-1-119; they just did not occur in that order, the motion to amend being filed last. *Jones*, 193 S.W.3d at 570. The issue in *Jones* was not whether the ninety-day time

7

requirement was met; the issue was whether in order to comply with Fed. R. Civ. P. 15.01, a motion for leave to amend must be filed before any other steps toward amendment take place.[6]

Finally, Plaintiff argues that granting Defendant Murray's Motion would impose an "absurd injustice" upon him. As the courts noted in *Ward* and in *Young*, enforcing this statute may yield a harsh result, but there is neither a clear absence of legislative directive nor an ambiguity in the statute, and it is not within the province of the Court to rewrite the plain language of a statute. *See Ward* at 39 and *Young* at 1036.

## CONCLUSION

For all these reasons, Defendant Murray's Motion to Dismiss (Docket No. 35) is GRANTED, and Plaintiff's claims against Defendant Murray are DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[6] Here, Plaintiff has conceded any arguments based upon Fed. R. Civ. P. 15.